## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | |
|---|---|
| TYE ADAIR, <br> HERBERT FONTENOT, <br> and, JOHN WILLIAMS <br> Individually and on Behalf <br> of All Others Similarly Situated, as a <br> Collective Action <br> Representatives, <br> <br> Plaintiffs, <br> <br> v. <br> <br> MOODY INTERNATIONAL AMERICAS, <br> INC., <br> <br> Defendant. | Civil Action No. 9:10-cv-00002 <br> <br> **JURY DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

1. Moody International Americas, Inc. ("Moody"), does not pay their hourly technical inspection and technical staffing workers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Instead, Moody pays these workers "straight-time" for hours worked, including those in excess of forty (40) in a workweek. This collective action seeks to recover the unpaid overtime wages and other damages owed these workers.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the Eastern District of Texas.

4. Plaintiffs Tye Adair, Herbert Fontenot, and John Williams are all current or former employees of Moody.

5. Plaintiff Tye Adair is a resident of the State of Texas and resides at 445 South Ash, Kountze, Texas 77625.

6. Herbert Fontenot is a resident of the State of Louisiana and resides at 225 Carrera Lane, Eunice, Louisiana 70535.

7. Plaintiff John Williams is a resident of the State of Texas and resides at 5003 County Road 1425, Lubbock, Texas 79407.

8. Defendant Moody is a Texas corporation with its headquarters in The Woodlands, Texas. Moody may be served through Rennie van Wyk, its registered agent 24900 Pitkin Road, Suite 200, The Woodlands, Texas 77386, or wherever Rennie van Wyk may be found.

## THE FACTS

9. Moody provides technical inspection and technical field staff services through thousands of technical inspectors and field staff to the world's largest energy, engineering, and construction companies in support of new equipment manufacture, on-site activities and in-service inspections in support of asset integrity programs or as a stand-alone regulatory service, including the inspection of oil pipelines, oil drilling and transportation equipment, piping and coating, construction site inspection and testing, boiler and other power generation systems and products.

10. Moody is subject to the requirements of the FLSA.

11. Moody is or was the employer, joint employer, and/or co-employer of the Plaintiffs and other similarly situated technical inspectors and technical field staff within the meaning of the FLSA 29 U.S.C. § 203(d).

12. At all times material hereto, the Moody has been an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203 with annual gross sales in excess of $500,000 within the meaning of FLSA.

13. Moody formerly employed Plaintiff Adair as a Level 2 Non-Destructive Technician and paid him on an hourly basis. In performing his duties, Mr. Adair was engaged in commerce or in the production of goods for commerce.

14. Moody formerly employed Plaintiff Fontenot as an API Inspector and paid him on an hourly basis. In performing his duties, Mr. Fontenot was engaged in commerce or in the production of goods for commerce.

15. Moody employs Plaintiff Williams as an API Inspector and pays him on an hourly basis. In performing his duties, Mr. Williams was engaged in commerce or in the production of goods for commerce.

16. Each of the named Plaintiffs was paid a set hourly wage for his work.

17. Each of the named Plaintiffs routinely worked in excess of forty (40) hours in a workweek. As an example, John Williams routinely worked more than 100 hours in substantially all pay periods and on at least one occasion worked more than 160 hours in a single pay period. *See* Paystubs of John Williams attached as Exhibit A.

18. Each of the named Plaintiffs reported his hours to Moody on a bi-weekly or weekly basis.

19. Moody intentionally and repeatedly paid each of the named Plaintiffs the same hourly rate for all the hours they worked, including those in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs re-allege paragraphs 1-19 as if set out here in their entirety.

21. In addition to the Plaintiffs, Moody has employed many other hourly technical inspectors and technical field staff over the last three (3) years. Indeed, Moody's own website confirms that they are a

> leading global provider of technical staffing, technical inspection . . . .to the oil and gas, construction, mining and power generation industries and ISO certification services to all sectors. Its blue chip client base includes ExxonMobil, Chevron, Conoco Phillips, BP, Aramco, Bechtel and Dow Chemical. Moody is one of the largest and most respected technical staffing agencies operating in the oil, gas, energy, and engineering marketplace . . . .

*See* Moody International Press Release at http://www.moodyint.com/docs/Milestones-2qtr-2009-security.pdf

22. These hourly technical inspectors and technical field staff perform or performed the same or similar job duties for Moody as did the named Plaintiffs herein.

23. Moody paid all of their hourly technical inspectors and technical field staff in the same manner and, in fact, grouped their overtime policies based on the whether employees were "field staff" or "secretarial and clerical." *See* Moody Employee Handbook attached as Exhibit B at 12. Moody maintained a policy dictating that "[o]ther personnel do not receive overtime compensation." *Id*.

24. Moreover, Moody established companywide policy of not paying overtime for hours when "employees are *required* to travel." *Id*. (emphasis added).

25. The "special" policy referred to is set forth in employment agreements with individual employees. *See, e.g.,* Employment Agreement of Plaintiff Williams attached as

Exhibit C. That "special" policy dictated that an employee would be "entitled to overtime insofar as it is chargeable to a client at the rate at which it is chargeable."

26. This policy resulted in thousands of unpaid overtime hours due and payable to Moody's hourly technical inspectors and technical field staff.

## CAUSE OF ACTION

27. Plaintiffs re-allege paragraphs 1-26 as if set out here in their entirety.

28. By failing to pay Plaintiffs and all the hourly technical inspectors and technical field staff overtime at one-and-one-half times their regular rates, Moody violated the FLSA's overtime provisions.

29. Moody owes the Plaintiffs and all their hourly technical inspectors and technical field staff the difference between the straight-time rates actually paid and the proper overtime rate.

30. Moody owes the Plaintiffs and all of their hourly technical inspectors and technical field staff overtime wages for the hourly time spent working on the job and their travel time.

31. Moody's failure to properly pay their employees was an intentional decision, as reflected in their purported agreements, the employee handbook (as attached hereto), and repeated conduct, and therefore they are responsible for paying Plaintiffs and all those similarly situated actual damages, liquidated damages, attorney's fees, and all unpaid amounts due for the past three years. In the alternative, the Moody's conduct was the result of reckless disregard for whether the pay practices violated FLSA.

32. The "agreements" attached hereto and other similar agreements purportedly containing a waiver or other disclaimers of overtime compensation are void and unenforceable as

violating the express provisions of the FLSA that bar employers from seeking or entering into such agreements. The purported agreements procured by Moody were drafted by Moody and were required to be signed by Moody.

33. Moody is further liable to Plaintiffs and all other hourly technical inspectors and technical field staff for an amount equal as liquidated damages.

34. The Plaintiffs and all the hourly technical inspectors and technical field staff are entitled to recover all reasonable attorneys' fees and costs in this action.

## JURY DEMAND

35. Plaintiffs demand a trial by jury.

## PRAYER

Plaintiffs respectfully request a judgment in their favor and awarding them and all of the hourly technical inspectors and technical field staff:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. Judgment awarding Plaintiffs and all the hourly technical inspectors and technical field staff all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law;

4. An award of pre-judgment interest on all amounts awarded at the highest rate allowable by law; and

5. All such other and further relief to which Plaintiffs and all other hourly technical inspectors and field staff may show themselves to be justly entitled.

Dated:  January 6, 2010

                                            Respectfully submitted,

*/s/ Robert M. Parker*
Robert M. Parker
Tx. Bar No. 15498000
rmparker@pbatyler.com
Andrew T. Gorham
Tx. Bar No. 24012715
tgorham@pbatyler.com
Robert Christopher Bunt
Tx. Bar No. 00787165
rcbunt@pbatyler.com
Charles Ainsworth
Tx. Bar No. 00783521
charley@pbatyler.com
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
903-531-3535 (Telephone)
903-533-9687 (Telecopy)

and

Charles W. Branham, III
Tx. Bar. No. 24012323
4946 Swiss Avenue
Dallas, Texas 75214
214-478-0972
214-276-1812 (fax)
branham@branham-law.com

*Attorneys for Plaintiffs and the Class*