IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **TYE ADAIR, HERBERT FONTENOT, and JOHN WILLIAMS, Individually and on Behalf of All Others Similarly Situated, as Collective Action Representatives,** | § § § § § § | |
| Plaintiffs, | § § | No. 9:10-CV-002-RC-JKG |
| v. | § § | JURY DEMAND |
| **MOODY INTERNATIONAL AMERICAS, INC.,** | § § § | |
| Defendant. | § § § | |

## MOTION FOR LEAVE TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT

**COMES NOW PLAINTIFFS** in the above-captioned action and file this Motion for Leave to Deposit of Funds Into the Registry of the Court and would respectfully show this Court as follows:

### I. SUMMARY

On January 6, 2010, Tye Adair, Herbert Fontenot, and John Williams ("Plaintiffs") brought this action on behalf of themselves and similarly situated current and former employees of Moody International Americas, Inc. ("Moody" or "Defendant") pursuant to the collective action provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Collective Action Compl., Dkt. No. 1.)  The action is to collect unpaid overtime wages owed to employees and former employees of the Defendant pursuant to federal law.  Plaintiffs allege that Moody had a unified and systematic policy not to pay overtime to Moody's technical inspectors and

technical field staff.  Among other things, Plaintiffs seek an award of unpaid overtime compensation for themselves and for similarly-situated current and former employees of Moody.

Moody was served with Plaintiffs' complaint on January 12, 2010.  (Return of Service, Dkt. No. 8.)  On February 1, 2010, Moody filed its answer.  (Orig. Ans., Dkt. No. 9.)  In its answer, Moody denied that Plaintiffs or any similarly-situated employees or former employees were owed overtime compensation under federal law.[1]

Late in the afternoon on February 1, 2010, counsel for Plaintiffs learned that Plaintiffs had each received a letter with enclosed check from Moody.  In the letters, all which are dated January 29, 2010, Moody states that "[i]t has been determined that you are entitled to additional compensation for work performed previously."  *See* Copies of Letters and Checks, attached as Exhibit 1.  No pay period is referenced on the check stub, and no explanation is given regarding the basis for the amounts of the checks.  Neither the check nor the letter make any reference to overtime compensation.

## II.  LAW AND ARGUMENT

Rule 67 provides that "a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money" at issue in the case. Fed. R. Civ. P. 67(a).  "The purpose of Rule 67 is 'to relieve the depositor of the responsibility for a fund in dispute.'" *Muncy v. City of Dallas*, 123 Fed. App'x 601, 605 (5th Cir. 2003) (quoting Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 2991 (2d ed. 1992)).  "Once funds are deposited, the court should determine ownership and make disbursements." *Id.* (citing *Gulf States Utils. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474 (5th Cir. 1987)).  A situation similar to this one was presented in *Mid-Continent Casualty Co. v. Eland Energy, Inc.*, No. 3:06-cv-1576, 2007 U.S.

---

[1] Plaintiffs filed their Motion for Conditional Certification, Notice, and for Limited Expedited Discovery (Dkt. No. 12) on February 1, 2010, after Moody filed its answer.

Dist. LEXIS 2876 (S.D. Tex. Jan. 16, 2007). In that case, an insured received $6 million from its insurer under an insurance policy. The insured argued that it was unclear whether it was entitled to the entire amount and in any event that the payment did not extinguish the insurer's obligations to it. Based on these facts, the court concluded that "it is clear that the sum of $6 million is in dispute," and it granted the insured's motion to deposit the funds into the court's registry. *Id.* at *5-6.

Moody, at least in its pleadings, continues to deny that the Plaintiffs or the putative class in this matter were entitled to overtime as asserted in Plaintiffs' complaint. Having received checks from Moody which, in the view of Plaintiffs' counsel, are directly related to this action and, because of the unclear effect accepting such funds has on the Plaintiffs' rights in this suit, Plaintiffs seek leave to deposit these checks into the registry of the Court until such time as the Court issues a ruling as to the disposition of these funds or otherwise renders a judgment in this case.

Additionally, judicial decisions establish that "rights guaranteed by the FLSA cannot be waived or settled without prior DOL or court approval." *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 371 (4th Cir. 2005) (citing *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate.") (internal quotation omitted)); *see Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982). As such, to the extent that these checks constitute a settlement offer, depositing them into the Court's registry is consistent with the FLSA.[2]

---

[2] For the record, to the extent that such a tender of funds was a settlement offer, Plaintiffs expressly reject that offer as it does not include liquidated damages or attorneys fees, nor does it resolve the pending class issues.

### III. CONCLUSION

Based on the foregoing, Plaintiffs request that this Court grant their Motion for Leave to Deposit Funds Into the Registry of the Court and to any other relief to which they may be entitled.

Dated: February 5, 2010

Respectfully submitted,

*/s/ Robert M. Parker*
Robert M. Parker
Tx. Bar No. 15498000
rmparker@pbatyler.com
Andrew T. Gorham
Tx. Bar No. 24012715
tgorham@pbatyler.com
Robert Christopher Bunt
Tx. Bar No. 00787165
rcbunt@pbatyler.com
Charles Ainsworth
Tx. Bar No. 00783521
charley@pbatyler.com
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
903-531-3535
903-533-9687 (fax)

*and*

Charles W. Branham, III
tbranham@goldfarbbranham.com
Goldfarb Branham, LLP
Tx. Bar. No. 24012323
St. Ann Court
2501 N. Harwood Street
Suite 1801
Dallas, Texas 75201
214-583-2233
214-583-2234 (fax)

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 3, 2010, counsel for Plaintiffs, Trey Branham and Tom Gorham, conferred by phone with Paul Gregory, counsel for Defendant, regarding the relief requested by this Motion. Further exchanges between counsel occurred via email on February 4 and by phone on February 5. The parties were unable to agree on the terms and conditions upon which the requested relief should be granted. Discussions have conclusively ended in an impasse.

*/s/ Robert M. Parker*
Robert M. Parker

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 5, 2005, via CM/ECF, upon all counsel of record in this matter

*/s/ Robert M. Parker*
Robert M. Parker