## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| TYE ADAIR, HERBERT FONTENOT AND JOHN WILIAMS, Individually and on Behalf of All Other Similarly Situated, as Collective Action Representatives, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. 9:10-CV-00002 |
| vs. | § § § | **JURY DEMANDED** |
| MOODY INTERNATIONAL AMERICAS, INC., | § § § | |
| Defendant. | § § | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS,
## CONDITIONAL CERTIFICATION AND LIMITED EXPEDITED DISCOVERY AND
## BRIEF IN SUPPORT

Defendant Moody International Americas, Inc. ("Moody") files this Response in Opposition to Plaintiffs' Motion to Certify, and in support thereof, Moody would respectfully show the Court as follows:

### INTRODUCTION

1.      Plaintiffs' motion to certify should be denied, in part, because the named plaintiffs and the proposed plaintiff class are not sufficiently similarly situated to warrant certification or court-managed notice. *See Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1213 (5th Cir. 1995) (overruled on other grounds). Further, there is no unified company decision, policy or plan common to the proposed plaintiffs sufficient to show them to be similarly situated. *See Id.* As Plaintiffs admit in their complaint and motion, there is no unified policy since the individual employment agreements control over any handbook policy. (*See* Pls.' Compl. At ¶ 25.)

Moreover, the contracts for the three named plaintiffs all provide for overtime. *Supra* at ¶ 25. Hence, there is no similarity, let alone sufficient similarity.

2.      However light the Plaintiffs claim their burden to be relevant to this motion, they have failed to meet it. Notwithstanding the Plaintiffs' arguments to the contrary, to establish the appropriateness of a collective action in the instant case, the Plaintiffs bear the burden of demonstrating a '*reasonable basis* ' for their claim of class-wide FLSA violations. *See Reed v. Mobile County School Sys.*, 246 F.Supp.2d 1227, 1231 (S.D. AL. 2003) (*citing Grayson v. K Mart,* 79 F.3d 1086, 1097 (11th Cir.1996)). In evaluating the Plaintiffs' alleged evidence, this Court should reject, as a matter of law, Plaintiffs' argument that every non-exempt employee in the division where Plaintiffs worked is necessarily "similarly situated" to every other non-exempt employee in that division. *See Reed v. Mobile County School Sys.,* 246 F.Supp.2d 1227, 1231 (S.D. AL. 2003) (*citing Dybach v. Department of Corrections,* 942 F.2d 1562, 1567 (11th Cir. 1991)); *Haynes v. Singer Co.,* 696 F.2d 884, 885 (11th Cir. 1983).

3.      In addition to these legal problems, there are a myriad of factual problems with Plaintiffs' motion. Chief among these is the fact that Plaintiffs' motion relies on erroneous and incomplete facts. For example, the contract of Plaintiff Williams attached in support of Plaintiffs' motion as Exhibit F is not his current employment contract with the Defendant. Further, Plaintiff Williams and Fontenot's contracts are different from Plaintiff Adair's. Moreover, despite Plaintiffs representations to the contrary, the paycheck stubs they have attached to their motion as Exhibit H show that they have been paid overtime. Also, the Plaintiffs work at different locations, and as they admit in their declarations attached as Exhibit D to their motion, they perform "a variety of duties for a variety of clients" and their duties are "depending on the client."

4.      Thus, any "commonality" the Plaintiffs are able to argue at this stage is the result of clever spinning and omissions of inconvenient facts.  At best, Plaintiffs' claimed commonality is illusory because their underlying claims arise from different and individualized fact patterns that are not appropriate for collective action.  *Smith v. T-Mobile USA, Inc.*, No. CV 05-5274 ABC (SSx), 2007 WL 2385131 (C.D. Cal. Aug. 15, 2007).   Accordingly, Plaintiffs' motion should be denied.

## ARGUMENT & AUTHORITIES

**A.      Certification would be improper because Plaintiffs' have failed to meet the requisite evidentiary burden.**

5.      Plaintiffs are correct in stating that the Fifth Circuit has approved a two-stage approach towards determining whether or not to certify a FLSA case as a collective action.  *See Mooney v. Aramco Services Co.*, 54 F.3d 1207.  Plaintiffs are also correct in stating that the first stage of review in the process is more lenient than the second stage of review.  *Id*.  However, contrary to Plaintiffs' suggestions otherwise, the fact that the first stage is more lenient does not mean that Plaintiffs are all but automatically granted conditional certification at this stage.  Even at this stage, Plaintiffs still have an evidentiary burden to meet.

6.      "It is the plaintiffs' burden to show that 'the proposed lead plaintiffs and the proposed collective action group are 'similarly situated' for purposes of § 216(b).'"  *Smith v. T-Mobile USA, Inc.*, No. CV 05-5274 ABC (SSx), 2007 WL 2385131 at * 3 (*quoting Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004)).  "To establish that employees are similarly situated, a plaintiff must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions."  *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947 (M.D. Fla. 1994).  "'Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under FLSA if the named

plaintiff can show that his position was or is similar to those of the absent class members. However, unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden.'" *Smith v. T-Mobile USA, Inc.*, No. CV 05-5274 ABC (SSx), 2007 WL 2385131 at * 3 (*quoting Freeman v. Wal-Mart Stores, Inc.*, 256 F.Supp.2d 941, 954 (W.D. Ark. 2003) (emphasis added). In other words, "[m]ere allegations will not suffice; some factual evidence is necessary." *Bernard v. Household Intern., Inc.*, 231 F.Supp.2d 433, 435 (E.D. Va. 2002).

7.      Plaintiffs must provide evidence of a violation that permits certification under § 216(b) and that the putative class members share common identifiable facts or legal theories. *See* 29 U.S.C. §§ 206, 207.  "While a unified policy, plan, or scheme of discrimination may not be required to satisfy the liberal 'similarly situated' requirement, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Smith v. T-Mobile USA, Inc.*, No. CV 05-5274 ABC (SSx), 2007 WL 2385131 at * 3 (*citing Grayson, et al. v. K Mart Corp*, 79 F.3d 1086, 1095 (11th Cir. 1996) and *Thiebes v. Wal-Mart Stores, Inc.*, 1999 WL 1081357 at * 1 (D. Or. 1999)) (emphasis added).

8.      Plaintiffs have failed to meet their burden.  They have only lodged unsubstantiated allegations, as opposed to presenting this Court with competent evidentiary backup for their collective action claims.  Moreover, they have failed to set forth an identifiable legal nexus justifying certification of their claims.

9.      The entirety of Plaintiffs' allegations that they are "similarly situated" with the putative class rest on the three declarations contained in Exhibit D to their motion.  (*See* Pls.' Mot. for Certification at pp. 10-12.)  However, these declarations are not competent evidence.

10.      The declarations provided by Plaintiffs are improper and insufficient because the declarations are based predominately on Plaintiffs' opinions, not facts about which they have

personal knowledge, and contain inadmissible materials, such as hearsay. Therefore, these declarations cannot be used by Plaintiffs to meet the evidentiary burden imposed on them under their motion.

11.     In the first paragraph of their declarations, all three Plaintiffs state: "As a result of my employment with Moody I have personal knowledge and experience with its procedures and policies for compensating its employees." (*See* Pls.' Mot. for Certification at Ex. D.)  Plaintiff Williams is currently employed by Moody as an "API Certified Inspector." (*Id.* at Decl. of Williams, ¶ 1.)  Plaintiff Fontenot was employed by Moody as an Inspector. (*Id.* at Decl. of Fontenot, ¶ 1; Ex. 2.)   Plaintiff Adair was employed by Moody as an "NDE Level II Technician." (Pls'. Mot. for Certification at Ex. D, Decl. of Adair, ¶ 1; Ex. 1.)  These positions were not supervisory or managerial positions. (Pls.' Mot. for Certification at Ex. D, Decl. of Adair, ¶¶ 2, 3; Pls.' Mot. for Certification at Ex. D, Decl. of Fontenot, ¶¶ 2, 3; Pls.' Mot. for Certification, Decl. of Williams, ¶¶ 2, 3.)   None of the duties of these positions involved anything related to Moody's "procedures and policies for compensating its employees." (*Id.*)  Plaintiffs have offered no competent facts to establish how they gained such knowledge "[a]s a result of [their] employment." (*See id.* at Ex. D.)  Consequently, these statements are not based on the plaintiffs' personal knowledge, as they must be. *See Evans v. Technologies Applications & Serv.*, 80 F.3d 954, 962 (4th Cir. 1996); *McSpadden v. Mullins*, 456 F.2d 428, 429 (8th Cir. 1972).  This is improper and insufficient. *See Automatic Radio Mfg. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831, 70 S.Ct. 894, 896 (1950), *overruled on other grounds, Lear, Inc. v. Adkins*, 395 U.S. 653, 89 S.Ct. 1902 (1969); *McSpadden*, 456 F.2d at 429.

12.     In the first paragraph of their declarations Plaintiffs' also state: "From my own experience and discussing these issues with co-workers and other Moody employees, I am aware

that other Moody employees were also subject to the same policies and procedures for compensation." (*See* Pls.' Mot. for Certification at Ex. D.) Plaintiffs' again make the following similar statement in paragraph four of their declarations:   "From my experience and conversations with other employees in the Technical Inspection Services divisions of Moody, I know that my colleagues throughout the company were subject to the same compensation policies and practices." (*See id.*)  These "conversations with other employees" do not constitute facts about which the plaintiffs have personal knowledge, as is required.  *See Evans v. Technologies Applications & Serv.,* 80 F.3d 954, 962 (4th Cir. 1996); *McSpadden v. Mullins,* 456 F.2d 428, 429 (8th Cir. 1972).  Therefore, this too is improper and insufficient.  *See Automatic Radio Mfg. v. Hazeltine Research, Inc.,* 339 U.S. 827, 831, 70 S.Ct. 894, 896 (1950), *overruled on other grounds, Lear, Inc. v. Adkins,* 395 U.S. 653, 89 S.Ct. 1902 (1969); *McSpadden,* 456 F.2d at 429.

13.    Moreover, the facts stated in a declaration must be specific and must constitute admissible evidence.  *See Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990); *McSpadden,* 456 F.2d at 429.  Thus, Plaintiffs' vague references to "a variety" and "various" in paragraph two of their declarations are insufficient and incompetent evidence. (*See* Pls.' Mot. for Certification at Ex. D.)  Likewise, Plaintiffs' vague reference to "supervisors" in the fourth paragraph of their respective declarations is similarly insufficient and incompetent evidence.  (*See id.*)   Further, Plaintiffs' statements throughout their declarations about "conversations with other employees" are insufficient and incompetent evidence because such statements constitute inadmissible hearsay. (*See id.*); Fed. R. Evid. 801 and 802.

14.    Accordingly, Defendant objects to Plaintiffs' declarations on all of these grounds and asks that they be struck.  Even if the Declarations are not struck, they are so defective,

improper, insufficient and incompetent that Plaintiffs still fail to meet the burden of proof imposed on them.

15.    Ironically, this is readily apparent from statements in Plaintiffs' declarations, which are directly contradictory to their claims and their motion.  For example, Plaintiffs' state that they performed "a variety of duties for a variety of clients" and that their duties were "depend[ent] on the client."  (Pls.' Mot. for Certification at Ex. D, Decl. of Adair, ¶ 2; Pls.' Mot. for Certification at Ex. D, Decl. of Fontenot, ¶ 2; Pls.' Mot. for Certification at Ex. D, Decl. of Williams, ¶ 2.)  This, in and of itself, indicates that there is no similarity of situations between the Plaintiffs, let alone the alleged class, necessary for certifying this case as a collective action. *See Moody*, 54 F.3d 1207.

16.    As set forth above, to be "similarly situated" with the putative class, Plaintiffs "must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions." *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947 (M.D. Fla. 1994). In this regard, Plaintiffs have offered no competent evidence to show that they are similarly situated to each other, let alone the putative class.  (*See* Pls.' Mot. for Certification.)

17.    The only portions of Plaintiffs' declarations discussing the situation of the putative class members are the improper and inadmissible opinions and hearsay objected to in paragraphs eleven through thirteen above.  (*See* Pls.' Mot. for Certification at Ex. D.)  There is nothing with respect to what constitutes the putative class members job requirements or pay provisions.  (*See id.*)

18.    As to each other, Plaintiffs fail to attach the contracts of Adair and Fontenot.  (*See* Pls.' Mot. for Certification.)  Plaintiffs also fail to attach the correct contract for Plaintiff Williams.  (*Compare* Pls.' Mot. for Certification at Ex. F *with* Decl. of Cara Pirsch at Ex. 3.)

Instead, all they do is submit declarations containing identical, broad and vague listings of job duties that an Inspector might perform for Defendant's various clients. (*See* Pls.' Mot. for Certification at Ex. D.) Of course, they do this despite the fact that Plaintiff Adair's position was different from that of the other plaintiffs and his position is listed as only one discrete duty within Plaintiffs' laundry list. (*Compare* Pls.' Mot. for Certification at Ex. D, Decl. of Adair at ¶ 2 (listing "non destructive examination" or "NDE" as only one of the fields of expertise Defendant allegedly required Plaintiffs to maintain) *with* Decl. of Cara Pirsch at Ex. 1 (listing Adair's job as "NDE Level II Technician").)   Plaintiffs only make vague reference to "supervisors" without identifying anything relevant as to who these supervisors were or whether or not Plaintiffs ever shared a common supervisor. (*See* Pls.' Mot. for Certification at Ex. D.) Therefore, Plaintiffs have failed to show that they are even "similarly situated" to each other with respect to their job requirements. (*See* Pls.' Mot. for Certification.)

19.    Plaintiffs also fail to show that they are "similarly situated" to each other with respect to their pay provisions. (*See* Pls.' Mot. for Certification.)  Their own evidence, and/or lack thereof, belies this fact. (*Id.*)  For example, Adair and Williams admit in their declarations that they were paid overtime on at least one occasion, while Fontenot alleges that he never received overtime compensation due him. (*Compare* Pls.' Mot. for Certification at Ex. D, Decl. of Adair, ¶ 3 *and* Pls.' Mot. for Certification at Ex. D, Decl. of Williams, ¶ 3. *with* Pls.' Mot. for Certification at Ex. D, Decl. of Fontenot, ¶ 3)  Adding to this disparity is the clear contradiction between Plaintiff Williams declaration and his paystubs, which indicate he was paid overtime on more than one occasion. (*Compare* Pls.' Mot. for Certification at Ex. D, Decl. of Williams, ¶ 3 *with* Pls.' Mot. for Certification at Ex. H.)  More specifically, and contrary to his declaration, Plaintiff Williams' paystubs indicate that he, at least, received overtime compensation on May

12, 2009, August 4, 2009, September 1, 2009, and November 24, 2009. (*Id.*)[1] Additionally, Plaintiffs' identical, vague reference to "supervisors" that were "well aware that [we] worked these hours," without more, does not help their cause. (*See* Pls.' Mot. for Certification at Ex. D.) For these reasons, Plaintiffs have failed to show that they are "similarly situated" with regard to their pay provisions.

20.     Plaintiffs attempt to get around this burden in two ways. First, they allege that "[s]imilarity in job duties is less significant where employees at issue are admittedly non-exempt." (Pls.' Mot. for Certification at p. 4.) In support of this allegation, Plaintiffs cite to *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 364 (M.D. Ala. 1999). However, Plaintiffs are not completely accurate in citing *Harper* for this proposition.

21.     *Harper* involved allegations that the Defendant restaurant-chain both: (1) failed to pay overtime in violation of FLSA; and (2) failed to pay the appropriate minimum wage in violation of FLSA. *See id.* As a result, the *Harper* plaintiffs sought to bring a collective action on behalf of two classes of Plaintiffs: (1) those working at the same location as the *Harper* plaintiffs; and (2) all other hourly restaurant employees working at other locations. *See id.* Because of "a total dearth of factual support for Plaintiffs' allegations of widespread wrongdoing at Defendant's other restaurants," the court refused to certify a company-wide class. *Id.* at 363. In reaching this decision, the court noted that Plaintiffs failed to offer any proof to counter the fact that employees at other restaurant locations, some of which were in different states, worked under different managers, and, hence, different working conditions. *Id.* However, as to certification at the *Harper* plaintiffs' individual restaurant locations, the court did agree to conditionally certify that class. *Id.* at 363-64. In doing so, the *Harper* court stated:

---

[1] There are also a number of paycheck stubs from Mr. Gass in Exhibit H that show overtime was paid to him, despite the motion's insinuation to the contrary.

The present case is distinguishable from *Dybach* in two important ways. First, the present case presents an additional claim for violations of the minimum wage provision of the FLSA. *Dybach* did not address the standard for determining whether putative class members were similarly situated to named plaintiffs for purposes of minimum wage violations. The court finds, furthermore, that, in the present case, and for purposes of the current Motions, the class of "hourly wage employees" at Defendant's Dothan restaurant are similarly situated to the named Plaintiffs in their pay provisions. Second, and most important, the present case does not involve a question of the applicability of the professional exemption to the overtime provision of the FLSA. The job requirements of the Plaintiffs' and the putative plaintiff class members' employment positions, therefore, are not in issue; all are covered by the FLSA.

*Id.* at 364. The *Harper* court then went on to find that there was sufficient evidence of a common policy or plan by the location's management to clock the *Harper* plaintiffs' out while they were still working. *Id.* at 364-65.

22.     Based on the foregoing, it is clear that the *Harper* decision came down the way it did for two distinctly factual reasons: (1) the evidence of failure to pay minimum wage; and (2) evidence of the common policy or plan for the location's management to clock the *Harper* plaintiffs' out while they were still working. *See Harper*, 185 F.R.D. at 363-65. In other words, *Harper* does not stand for Plaintiffs' espoused proposition job duties are less significant when the employees at issue are admittedly non-exempt. *Accord id.* Rather, it stands for the proposition that, under the distinct fact pattern of *Harper*, job duties were less significant. *Accord id.* This is key information that Plaintiffs herein conveniently omit from their brief. (*See* Pls.' Mot. for Certification at pp. 4-5.) Given that the circumstances surrounding the granting of conditional certification in *Harper* are wholly absent from this case, Plaintiffs must still meet the burden of showing that they and the putative class are "similarly situated" with respect to job requirements. As set forth above, and given that the circumstances for denying company-wide certification in *Harper* are actually present here, Plaintiffs have failed to meet this burden.

23.   "Absent some showing that principals, supervisors and others involved in decisions involving overtime compensation operate in lockstep, the denial of overtime compensation by one decision-maker does not readily suggest similar denials by other decision-makers, even those operating at the same location." *Reed v. Mobile County School System*, 246 F.Supp.2d 1227, 1233 (S.D. Ala. 2003). This is especially true where, as here, the plaintiffs "affirmatively intend to represent all employees owed overtime compensation regardless of how the failure to pay occurred." *Id.*

24.   The plaintiffs' second attempt to get around their evidentiary burden is to point to a portion of Defendant's handbook and allege that Moody has a common policy or plan to deny payment of overtime compensation. (*See* Pls.' Mot. for Certification at pp. 6-8.) However, these allegations are flawed because they are based on a strained and improper reading of the provision and directly contradict Plaintiffs' other allegations.

25.   Plaintiffs do cite the entirety of the handbook provision they rely on. (*Compare* Pls.' Mot. for Certification at p. 6 *with* Pls.' Mot. for Certification at Ex. E, § 5.4.) However, they are suspect in their interpretation, as Plaintiffs read the separate paragraphs of this provision in isolation from one another. (*Id.*) It is based on this flawed interpretation that Plaintiffs base their allegations that: (1) no one other than secretarial or clerical personnel are entitled to receive overtime; and (2) that Moody has simply made a decision to not pay overtime for required travel that increases Plaintiffs' hours beyond forty in a workweek. (*Id.*) Moody's handbook does not say this. (*Id.*) Rather, when reading all provisions as a whole, the correct interpretation is that: (1) Section 5.4 of the handbook only applies to secretarial and clerical personnel; and (2) separate policies regarding overtime compensation have been established for field staff and employees. (*Id.*) Because Plaintiffs were "field staff" or "field employees," this policy did not

apply to them. (*Id.; see* Pls.' Mot. for Certification at Ex. D; *see also* Decl. of Greg Mason.) Rather, as Plaintiffs readily admit on page 7 of their brief, **Plaintiffs' individual employment agreements control overtime policy as it relates to them and the rest of the putative class**. (Pls.' Mot. for Certification at p. 7.) As is clear from each of the named plaintiffs' agreements, each one contains a provision for overtime. *Supra* at ¶ 28. As such, Plaintiffs' own allegations demonstrate that there is no common policy or plan of Moody to violate FLSA.

26.    For all of the foregoing reasons, Plaintiffs have failed to meet their burden for certification of the requested putative class. But these are not the only reasons for why such is true. All of the facts and arguments set forth by Moody up to this point are based purely on Plaintiffs' evidence or lack thereof. When taking into consideration Moody's evidence attached to this brief, the propriety of this result becomes even more apparent.

27.    As set forth above, Plaintiffs failed to attach all of their contracts to their brief even though they admittedly control Moody's overtime policy as it relates to them. Moreover, Plaintiff Williams conveniently attached a document purporting to be his contract with Moody that is not in fact his actual contract. (*Compare* Pls.' Mot. for Certification at Ex. F *with* Decl. of Cara Pirsch at Ex. 3.) Consequently, this is a fruitful place to continue deconstructing Plaintiffs' spin.

28.    Each of the named Plaintiffs' contracts with Moody provides that they shall receive a specific overtime rate. Plaintiff Adair's contract sets his overtime rate as follows: "$30.00/Hour for all hours worked over 40 per week excluding travel time." (Decl. of Cara Pirsch at Ex. 1.) Plaintiff Fontenot's contract sets his overtime rate as follows: "$69.00/Hour." (Decl. of Cara Pirsch at Ex. 2.) Plaintiff Williams correct contract dated January 25, 2008, which was executed one day after the contract Plaintiffs' attach as Exhibit F to their motion, sets

his overtime rates as follows: "$67.50/Hour." (Decl. of Cara Pirsch at Ex. 3.) There are no further conditions placed on Plaintiffs' right to overtime in these contracts. (*See* Decl. of Cara Pirsch.) Thus, even leaving aside the individualized nature of each contract, it is easy to see that there is no common policy or plan as alleged by Plaintiffs. Otherwise, there would be no overtime rates set forth in these agreements.

29.     Carrying this further, even a cursory review of the three named Plaintiffs' contracts clearly shows that each is different and is individualized. For example, while Plaintiff Adair's contract excepts travel time out of his overtime rate, Plaintiff Williams' and Plaintiff Fontenot's respective contracts do not. (*See* Decl. of Cara Pirsch.) It should also be noted that there is no limitation on when overtime is to be paid, as claimed by the Plaintiffs. (*Compare id. with* Pls.' Mot. for Certification at p. 7.) Each of these contracts clearly states a proper rate of overtime pay to be paid to each Plaintiff. (*See* Decl. of Cara Pirsch.) The omission of these three contracts from the Plaintiffs' pleadings, particularly that of Plaintiff Adair certainly paints a very different picture than the reality actually before this Court. This too counsels against granting even conditional certification in this case. *Accord Smith v. T-Mobile USA, Inc.,* No. CV 05-5274 ABC (SSx), 2007 WL 2385131.

30.     Moody has already highlighted that Plaintiffs admit that their day to day duties vary depending upon the client and contract under which they are working, as well as the different locations at which each may be working. (*See* Pls.' Mot. for Certification at Ex. D.) This is further corroborated by the Declaration of Greg Mason. (*See* Decl. of Greg Mason.) In fact, during the two years at issue in this case, the disparate locations worked by each of the Plaintiffs include, but are not limited to Levelland, Texas (Adair), Garyville, Louisiana (Fontenot), and Sundown, Texas (Williams). (*Id.*) This further counsels against granting even

conditional certification in this case. *Accord Smith v. T-Mobile USA, Inc.,* No. CV 05-5274 ABC (SSx), 2007 WL 2385131.

31.     Last but not least, it should be noted that Plaintiffs' claim for required travel time which increases their hours beyond forty in a workweek belies the fact that Plaintiffs' and the putative class are not "similarly situated."  Time spent in "ordinary" home-to-work travel by which employees, whether they work at a fixed location or at a different job site, proceed from home to work before their regular workday and return home at the end of the day does not count as time worked.  *See* 29 U.S.C. § 254; *see also Vega v. Gasper*, 36 F.3d 417 (5th Cir. 1994). However, if travel is a "principal activity" which the employee is hired to perform, it may be compensable.  *Id*.  The Fifth Circuit has traditionally construed the term "principal activity" to include "activities 'performed as part of the regular work of the employees in the ordinary course of business . . ..  [the] work is necessary to the business and is performed by the employees, primarily for the benefit of the employer . . ..'" *Id*. at 424 (*quoting Dunlop v. City Electric, Inc.,* 527 F.2d 394, 401 (5th Cir. 1976).  Plaintiffs have proferred no evidence that their travel was a "principal activity," and, hence, compensable.  (*See* Pls.' Mot. for Certification.)  Regardless, given the individual, fact intensive nature of such and inquiry, the fact that Plaintiffs' seek these damages is alone enough to defeat even conditional certification.  *Accord Harper*, 185 F.R.D. 358; *accord Reed*, 246 F.Supp.2d 1227

32.     In sum, despite the superficial similarity in the plaintiffs' job titles and non-exempt status, their actual work history and experience related to the claims raised are different, individualized and not appropriate for collection consideration.  Plaintiffs are unable to make anything more than insinuations in support of their motion because they were not victims of a common company procedure to deny them overtime.  *See Mooney,* 54 F.3d at 1213-14.  Rather,

the Defendant's procedure is and always has been to pay overtime rates for all time worked over 40 hours in an applicable work week.  Plaintiffs highlight this fact in Exhibit G to their Motion. Exhibit G is a copy of an email from Greg Mason, one of Defendant's Division Managers.  In this email, Mr. Mason states in part:  "Regarding all hourly, Non-Exempt employees:  I just want to reiterate that there will be no time worked in excess of 40 hours per week unless specifically approved by you the supervisors.  Any time worked in excess of 40 hours per week is considered overtime and is to be paid at 1 1/2 times their hourly rate."  (Pls.' Mot. for Certification at Ex. G.)

33.     Thus, rather than presenting this Court with a motion to certify based on named Plaintiffs who are actually "similarly situated," the plaintiffs seek to certify a collective action consisting largely if not primarily of persons performing jobs with different responsibilities who work in remote locations from one another, and who work under different employment contracts from one another.  Given the glaring dissimilarities between the named Plaintiffs, as well as the contradictory and antithetical facts presented by the Plaintiffs, it cannot be said that Plaintiffs have met their required burden of proof, however slight it may be.  *See Reed,* 246 F.Supp.2d at 1233-34.  If there are wage and hour claims present here, these are best handled going forward on an individual basis, not as a collective action.  *See Mooney,* 54 F.3d at 1213.  Accordingly, Plaintiffs' motion to certify should be denied.

**B.      Even if this Court determines that certification is appropriate, such should be conditional and the proposed putative class narrowed.**

34.     In the alternative, if the Court is inclined to certify this matter for a collective action, that certification should be limited and conditional.  Indeed, Defendant would request that if a class is certified it should be conditional and only for the purpose of exploring whether this case truly is appropriate for collective handling.  As such, the certification should be for a limited time, with a date certain set for a hearing to determine whether the class should be decertified.

Discovery should also be limited in time (3-4 months) and scope (only to determine if a collective action is appropriate.

35.    The class should also be narrowly defined and limited to TIS-In Service Inspection employees that worked in the same locations as Plaintiffs. *Accord Harper*, 185 F.R.D. 358; *accord Reed*, 246 F.Supp.2d 1227. This is because TIS-In Servce Inspection is the only division where Plaintiffs worked for Moody and Plaintiffs have wholly failed to demonstrate that any of the alleged violations have taken place outside of their individual circumstances. (*See* Decl. of Greg Mason.)   However, should this Court feel that such is too narrow a putative class, which it is not, at maximum, the class should only encompass the potential members identified in the joint protective order entered by this Court.   The class certainly should not be all hourly workers of the Defendant as requested by the named Plaintiffs. The entered protective order sets a much more reasonable standard:   "current or former [employees] of the TIS-In Service Inspection Division or the Technical Staffing Service Division working in the United States who is or was paid on an hourly basis," employed by Defendant. Within the class identified in the protective order, Defendant would ask for additional restrictions.   First, that the class be limited to those people with the same title as the named Plaintiffs, Technical Inspectors.   Further, the time period by which the class is measured should go back two years from the date of certification.   There is no competent evidence, let alone finding, that Moody's actions were willful at this point so as to justify an extension of the time period to three years under 29 U.S.C. § 255.

**C.    Plaintiffs are not entitled to equitable tolling of the statute of limitations**

36.    Plaintiffs request that this Court equitably toll the applicable statute of limitations under the FLSA under 29 U.S.C. § 255. (*See* Pls.' Mot. for Certification at pp. 15-19.)   This

request is entirely based on Plaintiffs' allegations that Moody did not post the required FLSA postings. (*Id.*) For a variety of reasons, this request is not well founded in fact or law and should be rejected.

37.   Among the reasons supporting a rejection of Plaintiffs' request for equitable tolling is the fact that the paycheck stubs attached as Exhibit H to Plaintiffs' motion clearly show that overtime was paid to named Plaintiff Williams and a Mr. Jason Gass. Also, the Plaintiffs' employment contracts show they were to be paid overtime. (*See* Decl. of Cara Pirsch.) Consequently, it is disingenuous at best for Plaintiffs to allege that they were not aware of their entitlement to overtime compensation. In fact, Exhibit G to Plaintiffs' motion, the email of Mr. Greg Mason demonstrates that there was no deception regarding overtime payments at the Defendant. Finally, the attached declaration of Mr. Mason demonstrates that FLSA postings, and other employment law postings were displayed at the Defendants' locations. (*See* Decl. of Greg Mason.) Thus, Plaintiffs' request for equitable tolling should be rejected.

**D.   Objections to Plaintiffs' Requested Notice**

38.   First and foremost, Plaintiffs have failed to demonstrate that this case is appropriate for collective action. Thus, there should be no need to address the question of notice.

39.   However, if this Court is inclined to conditionally certify this matter initially as a collective action, it should not adopt the notice proposed by the Plaintiffs. The proposed notice goes far beyond the allegations of this case and is an unfair solicitation by a Plaintiffs' firm. Any notice issued should be far more neutral and should have input from both sides.

40.   For example, the request seeks notice to all individuals working at the Defendant in either a technical inspection or technical staffing service capacity. This is inappropriate. As set forth in the Declaration of Greg Mason, the duties of TIS-In Service division Technical

Inspectors is markedly different from anything performed by employees in the Technical Staffing Services division. (*See* Decl. of Greg Mason.) There is no evidence that the named Plaintiffs worked anywhere other than at the locations listed in Mason's affidavit for the TIS-In Service Inspection division. There is no evidence or allegation made of FLSA violations at the Technical Staffing Services division. Plaintiffs' requested notice also makes an inexplicable reference to independent contractors. Again, there is no allegation made in this case about independent contractors, nor any claim that Plaintiffs are or ever have been independent contractors for the Defendant. Therefore, if anything, the notice should go only to employees who are technical inspectors at the TIS-In Service division and who worked at the same locations as Plaintiffs. *Accord Harper*, 185 F.R.D. 358; *accord Reed*, 246 F.Supp.2d 1227.

41.     Plaintiffs also ask that notice be given for employees and ex-employees with the Defendant from January 6, 2006 to the present. This request covers a period of more than four years. This is a far greater time period than what is allowed under the FLSA, even if a finding of willfulness is made. NO SUCH FINDING HAS BEEN MADE IN THIS CASE.

42.     Plaintiffs propose further that communications about the issues in this case be one way only, from Plaintiffs' lawyers to members of the proposed class. This is unnecessary and unwarranted in this case. There is no showing of any deceitfulness or misconduct in communication by the Defendant. To the contrary, Defendants have shown a willingness to do the right thing here from the outset. There was no notice of these claims given to the Defendant until this lawsuit was filed. At that time, Defendants began an internal investigation resulting in payments of back wages, with no strings attached, to the named Plaintiffs. Currently pending before this Court is a motion to deposit those funds into the registry of the Court.

43.    Given Defendant's good faith to date, a better notice would provide for a script for both Plaintiffs' counsel and Defendant's people to read to any prospective class member who might call with questions.  Since there was no notice given to anyone about this lawsuit prior to its filing, it is only human nature for some employees to call Defendant's HR people and management with questions.  Rather than feeding these people on a silver platter to Plaintiffs' counsel as the currently proposed notice does, Defendant's managerial people and HR people should be allowed an approved script to read to employees with questions.  Given the "spin" Plaintiffs' counsel tends to put on facts and law, such a script would also ensure their compliance with the law as well.

**E.    Objections to Plaintiffs' Requested Expedited Discovery**

44.    In their motion, Plaintiffs' request, among other things, that they be provided with the social security numbers of the putative class members.  Assuming that this Court reaches this request, Moody objects to producing same.  This is because providing such sensitive personal information in discovery raises serious privacy law concerns.  The persons to whom this information belongs and relates are not parties to this case and will not be at the time the requested disclosure would be made.  Furthermore, there is no evidence that these persons have agreed to allow Moody to release such information.  Given this, it would be inappropriate for this Court to order Moody to provide this information to Plaintiffs.

<u>Conclusion</u>

45.    Wherefore, Defendant Moody International Americas, Inc. respectfully requests that this Court deny Plaintiffs all relief sought herein, and that Defendant Moody be granted all such relief to which it is entitled, general and special, legal and equitable.

Respectfully submitted,

Bryant S. Banes, Attorney-in-Charge
SBN: 24035950
Paul T. Gregory
SBN:  08438150
Stormy N. Hendershott
SBN: 24067656
NEEL, HOOPER & BANES, P.C.
1700 West Loop South, Suite 1400
Houston, Texas 77027
(713) 629-1800
(713) 629-1812 (Fax)

Marisa Marie Schouten
SBN: 24039163
Martin Walker, P.C.
522 S. Broadway, Suite 200
Tyler, Texas 75702
(903) 526-1600
(903) 595-0796 (Fax)

ATTORNEYS FOR DEFENDANT
MOODY INTERNATIONAL AMERICAS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court on this 16th day of February, 2010, using the CM/ECF system, which shall send notification of such filing to the following:

Robert M. Parker
Andrew T. Gorham
Robert Christopher Bunt
Charles Ainsworth
Parker, Bunt & Ainsworth, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Fax:  903-531-3535

Charles W. Branham, III
4946 Swiss Avenue
Dallas, Texas
Fax: 214-478-0972

Bryant S. Banes