IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TYE ADAIR, ET AL. | § | |
| v. | § | CIVIL ACTION NO. 9:10CV2 |
| MOODY INTERNATIONAL AMERICAS, INC. | § | |

ORDER

Plaintiffs filed the above-styled lawsuit on January 6, 2010 seeking relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").  The case has been referred to the undersigned for all pretrial matters in accordance with 28 U.S.C. § 636.

**Background**

On February 1, 2010, Plaintiffs filed a Motion for Notice to Potential Plaintiffs, Conditional Certification and Limited Expedited Discovery (document [#12](#)).  A [response](#) was filed by Defendant on February 16, 2010 and a [reply](#) was filed by Plaintiffs on February 22, 2010.  In addition, a hearing was conducted on February 23, 2010.

In the complaint, Plaintiffs assert that Defendant does not pay its hourly technical inspection and technical staffing workers overtime as required by the FLSA.  Plaintiffs submit that they routinely worked in excess of forty hours in a workweek and that Defendant repeatedly paid them their set hourly wage for the excess hours.  Plaintiffs seek to pursue this case as a collective action. In the present motion, Plaintiffs are seeking conditional certification and court-facilitated notice to potential class members.

## Discussion and Analysis

The FLSA requires potential plaintiffs to consent or "opt-in" to a collective action. 29 U.S.C. § 216(b). As a result, Plaintiffs typically seek notification for potential plaintiffs. District courts have discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit. *See Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). *Aguilar v. Complete Landsculpture, Inc.,* 2004 WL 2293842 (N.D.Tex. Oct. 7, 2004). Although the Fifth Circuit has not set out a specific standard or procedure for determining when class certification or court-facilitated notice is appropriate, district courts have routinely applied a two-stage approach. *See, e.g., Valcho v. Dallas County Hospital District*, 574 F.Supp.2d 618, 621 (N.D.Tex. Aug. 19, 2008); *Dreyer v. Baker Hughes Oilfield Operations*, 2008 WL 5204149 (S.D.Tex. Dec. 11, 2008).

The first stage, referred to as the "notice" stage, involves determining whether potential collective action members should be notified. The inquiry at this stage is whether a plaintiff has provided sufficient evidence of the existence of similarly-situated potential plaintiffs to warrant court-facilitated notice. *Valcho*, 574 F.Supp.2d at 621. Establishing that potential plaintiffs are similarly situated at the notice stage may be accomplished by showing that there is some factual basis for trying their cases together with the cases of other potential members,[1] by showing that the job duties among potential members of the class do not vary significantly,[2] or that there are similar job requirements and pay provisions.[3]

Notice is not automatic, but a lenient standard is applied at this stage of review. *Id.*; *Aguilar*, slip op. at 2; *Mooney v. Aramco Svcs. Co.,* 54 F.3d 1207, 1214 (5th Cir.1995) (overruled on other

---

[1] *See Dreyer*, 2008 WL 5204149, slip op. at 1.

[2] *See Dreyer*, 2008 WL 5204149, slip op. at 2.

[3] *See Valcho*, 574 F.Supp.2d at 621; *Aguilar*, 2004 WL 2293842, slip op. at 1.

grounds, *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148 (2003) ("[b]ecause the court has minimal evidence, [the first] determination is made using a fairly lenient standard"). In *Mooney*, an ADEA case utilizing the same two-stage process for an opt-in collective action, the Court noted that the district court makes its decision at the notice stage "usually based only on the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1214.

If a plaintiff successfully provides sufficient evidence of the existence of similarly-situated potential plaintiffs to warrant court-facilitated notice, the class is conditionally certified. Certification may then be re-examined at the second stage of the process, referred to as the "certification stage," after notice and discovery. At that point, a defendant may seek to decertify the class and a final determination may be made concerning whether the representative plaintiffs and the plaintiffs who have chosen to "opt-in" are sufficiently similarly situated so that the lawsuit can proceed as a collective action. *See Dreyer*, 2008 WL 5204149, slip op. at 1; *Valcho*, 574 F.Supp.2d at 621. In their motion, Plaintiffs seek conditional certification and notice for a class consisting of all non-exempt employees performing either technical inspection or technical staffing services dating back to January 6, 2006 who were eligible to receive overtime pay and were wrongly denied overtime pay.

Based upon the pleadings and the arguments of counsel during the hearing, the undersigned finds that Plaintiffs have proffered sufficient evidence to warrant notice to technical inspection division non-exempt employees. Many of the arguments made by Defendant concern either ultimate issues in the case regarding whether overtime pay was wrongly denied or issues that are more appropriate for a decertification proceeding at a later time.

After due consideration, it is therefore

**ORDERED** that Plaintiffs' Motion for Notice to Potential Plaintiffs, Conditional Certification and Limited Expedited Discovery (document #12) is **GRANTED** to the extent that the

conditional class shall include non-exempt technical inspection division employees. The undersigned announced this decision at the conclusion of the hearing and the parties stated that they would work together to prepare an agreed notice for potential class members. The parties additionally agreed as to the request for expedited discovery, with Plaintiffs withdrawing their request for social security numbers.

So **ORDERED** and **SIGNED** this **25** day of **February, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE